JUDGMENT:
Reversed. Appellant Discharged.
Defendant-appellant John Pero appeals the decision of the Youngstown Municipal Court which found him guilty of possession of a hypodermic syringe allegedly in violation of a municipal ordinance. For the following reasons, the trial courts decision is reversed.
 I. STATEMENT OF FACTS
On the evening of February 26, 1996, Youngstown police officers were conducting surveillance on a suspected drug house on Glenaven Avenue. The officers noticed appellant drive by the house a few times. Appellant then stopped his car across the street and started walking toward the driveway. When appellant spotted the officers, he got back into his car and drove away at a high rate of speed. The officers followed in their unmarked car and pulled appellant over on Market Street near Pasadena Avenue.
Officer Bill Arnaut testified that when he told appellant to step out of the car, appellant stepped out and put his hand in his pocket. When asked what he was putting in his pocket, appellant allegedly responded that he had "a spike" which belonged to his wife and that he had been on his way to buy a $20 bag of heroin for his sick wife. Appellant testified that the officers found the syringe in his car not upon his person.
Appellant was cited for violating Youngstown City Code Section513.10, a third degree misdemeanor. At the trial to the court, appellant motioned for a mistrial on several grounds including the ground that Section 513.10 was inapplicable to appellant's conduct. The court disagreed and found appellant guilty of the charged violation. Appellant was sentenced to sixty days in jail with fifty days suspended, ordered to complete six months of probation with drug-testing, and fined $500 plus costs with $400 suspended. Appellants sentence was stayed pending this appeal.
 II. ASSIGNMENT OF ERROR
Appellant sets forth three assignments of error for our review. Due to our favorable resolution of appellant's second assignment of error, App.R. 12(A)(1)(c) dispenses with our need to address the remaining assignments. Appellant's second assignment argues that the state presented insufficient evidence to support his conviction because Section 513.10 does not criminalize the possession of a syringe.
Section 513.10 of the Youngstown City Code provides:
"(a) Possession of a hypodermic is authorized for:
 (1) Any manufacturer or distributor of, or dealer in, hypodermics or medication packaged in hypodermics, and any authorized agent or employee of such manufacturer, distributor or dealer, in the regular course of business;
 (2) A hospital, owner of a pharmacy or pharmacist in the regular course of business;
 (3) Any practitioner, nurse or other person authorized to administer injections, in the regular course of his profession or employment;
 (4) Any person, when the hypodermic in his possession was lawfully obtained and is kept and used for the purpose of self-administration of insulin or other drug prescribed by a practitioner for the treatment of disease;
 (5) Any person whose use of a hypodermic is for legal research, clinical or medical purposes;
 (6) Any farmer, for the lawful administration of a drug to an animal;
 (7) Any person whose use of a hypodermic is for lawful professional, mechanical, trade or craft purposes.
 (b) No manufacturer or distributor of, or dealer in, hypodermics or medication packaged in hypodermics, or their authorized agents or employees, and no owner of a pharmacy or pharmacist shall display any hypodermic for sale. No person authorized to possess a hypodermic pursuant to subsection (a) hereof shall negligently fail to take reasonable precautions to prevent any hypodermic in his possession from theft or acquisition by any unauthorized person, or negligently discard a hypodermic. Used needles and cutting instruments should be discarded into a puncture-resistant container with a lid. Needles should not be resheathed, purposefully bent, broken, removed from disposable syringes or otherwise manipulated by hand.
 (c) A pharmacist or person under the direct supervision of a pharmacist may furnish hypodermics to another without a prescription by a practitioner, but the pharmacist or person under his supervision shall require positive identification of each person to whom hypodermics are furnished, and shall keep a written record of each transaction, including the date, the type and quantity of the articles furnished, and the name, address and signature of the person to whom such articles are furnished. Such records shall be retained in the same manner as the exempt narcotics register. No pharmacist or person under his supervision shall fail to comply with this subsection (c) in furnishing hypodermics.
 (d) Whoever violates this section is guilty of a misdemeanor of the third degree. If the offender has previously been convicted of a violation of this section, Ohio R.C. 3719.05, 3719.06, 3719.13, 3719.172(B) or (E) or a drug abuse offense, a violation is a misdemeanor of the first degree."
Appellant argues that he was improperly charged under this section because this ordinance does not prohibit mere possession of a syringe. For guidance, we look at statutes in the Ohio Revised Code which deal with hypodermic syringes. The former R.C.3719.172 prohibited possession of syringes. This statute was repealed in 1972 and replaced with language identical to that of Section 513.10. At this same time, the general assembly enacted R.C. 2925.12 which prohibits possession of drug abuse instruments. Thus, former R.C. 3719.172 was recodified into R.C.2925.12. State v. Franklin (July 27, 1989), Cuyahoga App. Nos. 55604, 55684, unreported, 13-14. As such, offenders who are charged with possession of a drug abuse instrument such as a syringe are no longer charged with violating R.C. 3719.172 but are charged with violating R.C. 2925.12. Similarly, Section513.10, with its language mirroring R.C. 3719.172, is not a possession statute.
Section 513.10(a) enumerates who is authorized to possess hypodermics. Sub-section (b) informs the authorized possessors what they can and cannot do; for example, it disallows advertisement and distribution to unauthorized people, requires reasonable protection of hypodermics from theft and mandates safe disposal. Sub-section (c) requires pharmaceutical records to be kept on those who receive hypodermics from a pharmacy. There is no portion of Section 513.10 that says no person except those authorized herein shall possess a hypodermic.
It is Section 513.12, entitled drug paraphernalia, which prohibits knowingly possessing a hypodermic syringe with purpose to use it. Sub-section (a)(11) and (c)(1). Such possession is a misdemeanor of the fourth degree. Sub-section (f)(1). Thus, appellant correctly argued at trial that Section 513.10 was inapplicable to his case. The prosecutor offered no rebuttal argument, never asked to amend the charges, and does not now present an appellate brief to counter appellant's arguments. This court sustains appellant's second assignment of error.
For the foregoing reasons, the judgment of the trial court is reversed and appellant is discharged.
Cox, P.J. concurs.
Donofrio, J., concurs.
APPROVED:
 __________________________________ JOSEPH J. VUKOVICH, JUDGE